Argued March 5, affirmed April 1, 1924.

# J. E. PAULSON v. F. E. KENNEY AND J. J. CROSSLEY.

### (224 Pac. 634.)

**Patents—Fact That Worthless Machine was Patented No Defense to Suit to Set Aside Judgment on Fraudulent Contract to Buy Patent.**

1. It is no defense to suit to set aside a judgment on a fraudulent contract to buy a patent on a worthless "hydraulic donkey-engine" that the machine was patented in the United States and Canada.

**Judgment—Fact That Men, Apparently Working for Defrauded Party, were Conspiring Against Him, Excused Diligence in Discovering Fraud.**

2. In a suit to set aside a judgment on a fraudulent contract to buy a worthless patent right, proof that men, apparently working in his interest, were participating in the conspiracy to defraud, excused plaintiff's lack of diligence to discover the fraud until after judgment.

**Fraud—Lack of Diligence Held No Answer to Charge of Fraud.**

3. It is a poor answer to a charge of fraud, in the sale of a worthless patented device, to urge that the defrauded person should have watched more closely to avoid becoming a victim.

**Jury—Prohibition Against Interference With Findings of Fact Held not to Prevent Equity from Setting Aside Judgments Fraudulenty Obtained.**

4. Constitution, Article VII, Section 3c, as amended in 1910, prohibiting Supreme Court interference with questions of fact, decided by the jury, did not remove equity jurisdiction to set aside and cancel judgments fraudulently obtained where such fraud was not discovered, or an issue, when judgment was rendered.

**Judgment—Failure to Return Worthless Patent Right, Before Suit to Set Aside Judgment on Contract, Immaterial.**

5. In a suit to set aside a judgment, based on a fraudulent contract to buy a worthless patent right, failure to tender or return the patent was immaterial, especially where the court allowed defendant to retain a part payment exceeding the value of the patented machine as junk.

**Costs—Where Both Parties Appeal and Affirmance Ordered, Neither Entitled to Appeal Costs.**

6. Where, on appeal by both parties, the decree must be affirmed, neither party can have costs of appeal, since neither can be said to prevail.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

This is a suit in equity to set aside a judgment for $4,000, and interest at the rate of 6 per cent from August 28, 1921, and costs, obtained upon a verdict of a jury in an action at law based upon a written contract, which judgment is in favor of one F. E. Kenney, a defendant in the present suit, and against J. E. Paulson, the plaintiff here. J. J. Crossley was made a defendant in this suit by reason of his having an attorney's lien upon the judgment obtained by Kenney against this plaintiff in the action at law before alluded to. The original judgment was secured upon a written contract between Kenney and Paulson, whereby Kenney agreed to sell, and Paulson to buy from him for $5,000, the Canadian patent right which Kenney had secured on what he termed an "hydraulic donkey-engine." Upon this purchase Paulson paid the sum of $1,000, and, failing to pay more, action was brought for the remaining $4,000 and the judgment obtained, as heretofore stated.

In this suit the plaintiff alleges that Kenney, conspiring with his son, Jack Kenney, Samuel Olson and an engineer by the name of Matters, represented to the plaintiff in the present suit that he had invented a machine, or patented device, for increasing the power of gasoline driven motors by transmitting that power through what Kenney termed hydraulic motors; and that by a device invented by him for driving water into a motor by a pump operated by a gasoline engine he could increase the power of the gasoline engine five-fold. The complaint contains the usual allegations of worthlessness of the device, of the knowledge of Kenney that it was a fraud, and of the fact

110 Or.—44

that the other parties connived in the fraud, and that
F. E. Kenney knew that the device was worthless,
and that it was devised for the purpose of fraud, and
of the reliance of the plaintiff upon these representa-
tions; and further alleges that the various frauds
practiced by Kenney were unknown to the plaintiff
in this suit until after the rendition of the judgment
in the action at law.

The pleadings are long and it is impracticable to
state them fully in this opinion, but every material
fact in the complaint was put in issue by the de-
fendant and the case proceeded to trial, with the re-
sult that the trial judge found for the plaintiff. upon
all the allegations of fraud and directed a rescission
of the contract and a cancellation of the judgment at
law, but declined to give plaintiff any relief by way
of damages.                                    Affirmed.

For appellants there was a brief and oral argu-
ments by *Mr. W. H. Holmes* and *Mr. J. J. Crossley.*

For respondent there was a brief over the names
of *Mr. Arthur P. Moulton* and *Mr. William P. Lord.*
with an oral argument by *Mr. Moulton.*

McBRIDE, C. J.—It is impracticable to discuss at
length the evidence offered by the parties, but taking
it as a whole, we are of the opinion that every alle-
gation of fraud is established by competent and sat-
isfactory testimony, and that the alleged machine was
utterly valueless except for the purpose of being
used by Kenney as a plausible false token to obtain
money from the too credulous plaintiff in this suit.
It also appears that by means of this false token and
by false and lying representations as to the probabil-
ity of obtaining contracts for the manufacture and

sale of the machine he obtained from the plaintiff several thousand dollars in money or the equivalent of money; and that while Jack Kenney and Matters and Olson were at one time and another apparently working in Paulson's interest, as a matter of fact they were all concerned together in a conspiracy to defraud him in the interest of F. E. Kenney, and that in the end the result of their machinations was to leave him in the condition of that certain man who went down from Jerusalem to Jericho and fell among thieves.

1. So far as the facts of the case are concerned, we think there is little room for controversy. Paulson was evidently thoroughly tricked and deceived and did not, even when sued for the balance of the purchase money, realize the extent of the fraud practiced upon him; and it is no answer to this to say that the machine had been patented in the United States and Canada, as it is a matter of every-day observation that worthless inventions are patented, and persons are continually being deceived by reliance upon the theory that the article so patented must have been of some value or the patent would not have issued, whereas the truth is that perhaps not one article in fifty which receives the approval of the patent office is in fact a useful invention, and many of them prove to be upon investigation, merely colorable false tokens to deceive the unwary.

2, 3. The objection that Paulson did not use due diligence to discover the fraud is answered by the fact that the men who apparently were working in his interest were either too obtuse to discover it or fraudulently refrained from giving him the information which they should have obtained. A careful reading of the testimony indicates that prior to this

purchase not a single really competent mechanical engineer had made a thorough examination of the machine. Several men who had picked up odds and ends of knowledge of mechanical engineering and loggers in the woods who had seen donkey-engines at work seemed to have examined it; but its whole theory was based upon a violation of the laws of nature, the laws of mechanics, contradicted the doctrine that action and reaction are equal, and has no more foundation in fact than the idea of perpetual motion. Besides, it is a poor answer to a charge of fraud for the wrongdoer to urge that the person defrauded should have watched more closely in order to avoid being the victim of his trickery.

4. Another argument urged is that, the judgment in the action at law having been the result of a verdict of a jury, the court cannot, under subdivision 3-c of Article VII of the Constitution, as amended in 1910, re-examine it in this suit. We do not think it was the intent of this subdivision to interfere with the long-established equity jurisdiction of courts to set aside and cancel judgments fraudulently obtained, when such fraud was not discovered or an issue at the time the judgment was rendered.

5. It is further urged that the plaintiff should not have relief in this matter because he has not returned or tendered to return the Canadian patent and the machine turned over to him by Kenney. The Canadian patent is valueless; the machine is valueless, a mere false token which could serve no honest purpose; and the defendant has, or had, one hundred times the value of it, as junk, in what he has fraudulently received. The American patent has been returned to him and is in court, subject to his demand. The court has been more generous than just with

him already in not requiring him to return the money he has already fraudulently obtained.

6. As both parties have appealed here, and the decree below is affirmed so that neither party can be said to have prevailed, neither party will recover costs in this court.

The decree is affirmed.    AFFIRMED.

Burnett, Rand and Brown, JJ., concur.

———

Motion to dismiss and application for restraining order denied June 27, 1922, motion to remand denied December 18, 1923, argued February 27, affirmed March 25, costs taxed April 8, 1924.